**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)**

| | |
|---|---|
| AMIRA K. ATTIA,<br>                                       *Plaintiff,*<br>v.<br>GAMESTOP INC., JOHN DOE (1 - 10) (fictitious person and/or entity unknown) AND ABC INC. (1 - 10) (fictitious person and/or entity unknown),<br>                                      *Defendants.* | CIVIL ACTION<br><br>No. 2:21-cv-01295<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT, GAMESTOP INC.**[1] |

Defendant, GameStop Inc. ("GameStop"), by and through its counsel, and for its Answer with Affirmative Defenses to the Plaintiff's Complaint, does aver as follows:

**FIRST COUNT**

1. Admitted only that plaintiff was present in GameStop's retail store located at the Livingston Mall on December 15, 2019. All other allegations pleaded in the corresponding paragraph of the Complaint are denied.

2. – 5. Denied as conclusions of law to which no responsive pleading is required. By way of further response, and only to the extent that factual allegations are pleaded in the corresponding paragraphs of the Complaint, same are denied.

**WHEREFORE**, GameStop Inc. demands judgment in its favor and against plaintiff, together with recovery of its costs, counsel fees, and such other relief as this Honorable Court may deem to be appropriate.

---

[1] All other named GameStop entities and Simon Property Group, L.P. are no longer parties to this action. See, Stipulation approved by the Court on February 2, 2021, Docket Document No. 6.

## AFFIRMATIVE DEFENSES

**FIRST:** GameStop is free from any and all negligence.

**SECOND:** Plaintiff was guilty of sole and/or contributory negligence which was the proximate cause of the damages or personal injuries complained of; therefore, plaintiff is barred from recovery against GameStop.

**THIRD:** The negligence of the plaintiff was greater than the negligence of GameStop, which negligence is denied, and such negligence of the plaintiff was a substantial factor in causing the accident, personal injuries and damages of which plaintiff now complains, and therefore, plaintiff is barred from recovery from GameStop in this case by the provisions of N.J.S.A. 2A:15-5.1 *et seq.*

**FOURTH:** Plaintiff's recovery for personal injuries and/or damages shall be diminished by the percentage of the total negligence attributable to the plaintiff under the terms and provisions of N.J.S.A. 2A:15-5.1 *et seq.*

**FIFTH:** Any and all damages and/or personal injuries sustained by the plaintiff were the result of the acts and negligence of a third party or parties over whom GameStop exercised no control.

**SIXTH:** The alleged incident complained of resulted from circumstances and conditions beyond the control of GameStop.

**SEVENTH:** The Complaint fails to state a cause of action upon which relief may be granted and GameStop therefore reserves the right to move to dismiss the Complaint.

**EIGHTH:** The conditions alleged in the Complaint were not dangerous nor did they constitute a foreseeable risk of the kind of injury alleged by plaintiff, nor were the premises palpably dangerous and GameStop is immune from liability to the plaintiff.

**NINTH:**  The Complaint shows no violation of any duty that GameStop may have owed to the plaintiff.

**TENTH:**  GameStop was not guilty of any negligence that proximately caused or contributed to the happening of plaintiff's injuries, so that in the event plaintiff was not negligent, then said injuries and resulting damages were the result of an unavoidable accident.

**ELEVENTH:**  The injuries and damages alleged in the Complaint were caused by and arose out of risks of which the plaintiff had full knowledge and which she assumed.

**TWELFTH:**  Before said alleged accident, personal injuries and damages allegedly sustained by the plaintiff, she saw the peril in which she was placed by her own negligence, and by the exercise of due care plaintiff could have, and should have, avoided the accident.

**THIRTEENTH:**  This action is barred by the Statute of Limitations.

**FOURTEENTH:**  Plaintiff is barred from recovery by plaintiff's contributory negligence, which negligence was greater than that of GameStop.

**FIFTEENTH:** GameStop is not liable for more than its proper percentage of any award, as set forth in N.J.S.A. 2A:15-5, being Chapter 146 of the Laws of 1973.

**SIXTEENTH:**  Any amount plaintiff may recover shall be reduced in proportion to the amount of negligence attributable to plaintiff.

**SEVENTEENTH:**  Plaintiff fails to set forth a cause of action upon which relief can be granted.

**EIGHTEENTH:**  GameStop reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

**NINETEENTH:**  Plaintiff has failed to mitigate her damages and is thereby barred from recovery.

**TWENTIETH:**  Plaintiff is subject to any and all provisions of the Frivolous Lawsuit Act, N.J.S.A. 2A:15-59.1.

**TWENTY-FIRST:**  GameStop did not make, nor did it breach, any contract with the plaintiff.

**WHEREFORE**, Defendant, GameStop Inc., prays this Honorable Court for entry of judgment in its favor, and against plaintiff, together with recovery of its costs, counsel fees, and such other relief as the Court may find to be appropriate.

                                          **SWEENEY & SHEEHAN**

                                  By:  */s/Melissa Lang*
                                          Melissa Lang
                                          Attorney for Defendant,
                                          GameStop Inc.

DATED:  February 3, 2021